UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BIRDSALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. JAMES, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01738-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff William Birdsall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on November 7, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred.  Plaintiff names the following defendants:  (1) Correctional Lieutenant/Senior Hearing Officer D. James; (2) Warden Stu Sherman; and (3) Appeals Coordinator/Correctional Counselor R. Hall.

Plaintiff alleges that on January 5, 2014, Correctional Officer Yost searched Plaintiff's cell and found a 7-inch weapon in the personal property of Plaintiff's cellmate, Inmate Camacho.  The weapon was on the top shelf assigned to Inmate Camacho.  Plaintiff and Inmate Camacho were placed in AD-Seg pending the RVR process.  While in Ad-Seg, Plaintiff requested an investigation employee.  Plaintiff gave the investigation employee, B. Garza, questions to ask Correctional Officer Yost.

On January 17, 2014, Defendant James heard the RVR regarding possession of a weapon.  Defendant James heard statements in the report regarding Plaintiff's cell area.  Plaintiff also gave Defendant James a written statement from Inmate Camacho indicating that the weapon was found in his personal property in the locker that he occupied.  Inmate Camacho also stated that Plaintiff did not

know that he had possession of the weapon and was not able to look through Inmate Camacho's personal belongings.

Despite the statement from Inmate Camacho, Defendant James found Plaintiff guilty of the charge even though the weapon was not found in a common area.  Plaintiff asserts that he wrongfully was found guilty of the RVR and given a SHU housing unit term.  He contends that Defendant James ignored all the evidence, including that Plaintiff was assigned to the low/bottom of the cell.  Plaintiff alleges that Defendant James denied Plaintiff his right to a fair hearing.

According to Plaintiff's allegations, Defendant James based his decision on the written reports, including evidence that Plaintiff was found to be in constructive possession of a weapon.

On February 5, 2014, Plaintiff filed a 602 CDC Appeal.  Plaintiff alleges that Defendants Sherman and Hall failed to fix the charge in the CDCR 602 form and are therefore liable.

In his first cause of action, Plaintiff asserts that defendants violated his due process rights by sending him to the SHU and sending his personal property home.  In his second cause of action, Plaintiff alleges that defendants violated his due process rights by violating their own policies.  In his third cause of action, Plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights by placing him in the SHU.  Plaintiff seeks compensatory and punitive damages, along with declaratory relief.

**III.   Discussion**

    **A. Due Process**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  The minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting

him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Although Plaintiff alleges that he was falsely charged with the RVR, the hearing officer's decision need only be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Plaintiff does not suggest that any of the minimum Wolff requirements were not met. Rather, Plaintiff appears to be pursuing a due process claim against Defendant James based on a disagreement with Defendant James' finding of guilt. Plaintiff claims that the Defendant James failed to properly consider Inmate Camacho's written statement and certain other evidence. However, Plaintiff does not deny that some evidence supported the guilty finding. Plaintiff will be given leave to amend this claim.

**B.  Fourteenth Amendment Deprivation of Property**

Plaintiff appears to allege that his due process rights were violated by the confiscation of his property when he was placed in the SHU. Plaintiff has a protected interest in his personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

Although Plaintiff alleges that his personal property was confiscated, he fails to allege any facts supporting a claim that he was denied the procedural process he was due. The fact that

4

1  Plaintiff's personal property was confiscated when he was placed in the SHU is not sufficient to
2  support a plausible due process claim.  Greene, 648 F.3d at 1019.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The events at issue in this action do not give rise to an Eighth Amendment claim.  The facts do not support a claim that defendants knowingly disregarded a substantial risk of harm to Plaintiff's health or safety.

### D. Grievance/Appeals Process

Plaintiff cannot impose liability against Defendants Sherman and Hall based on their denial of his 602 CDC appeal.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson, 545 U.S. at 221.  Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### E. Supervisory Liability

To the extent Plaintiff seeks to impose liability against Warden Sherman based on his role as supervisor, he may not do so.  Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability.  Crowley v.

5

Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### F. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV.   Conclusion and Order

Plaintiff has failed to state a cognizable claim against any individual defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **June 1, 2015**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE