# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| WILLIAM BIRDSALL, | Case No. 1:14-cv-01738-DAD-BAM (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISPENSE WITH REQUIREMENT OF SECURITY AND MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| D. JAMES, | |
| Defendant. | (ECF No. 22) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff William Birdsall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint against Defendant James for violation of Plaintiff's due process rights. (ECF No. 18.)

**I.     Motion for Preliminary Injunction**

On September 18, 2017, Plaintiff filed a motion to dispense with the requirement of security and a motion for a preliminary injunction. (ECF No. 22.) Defendant did not file an opposition, and the deadline to file a response has expired. The Court construes the filing as a motion for preliminary injunction, and the motion is deemed submitted. Local Rule 230(l).

///

///

1

1     Plaintiff seeks a preliminary injunction to remove the January 5, 2014 Rules Violation
2 Report from his C-file, restore his credits, and have his points corrected.[1] Plaintiff states he was
3 not given a proper hearing and his due process rights were violated by the defendant, resulting in
4 Plaintiff's placement in restricted housing, forfeit of 365 days of good time, and more disciplinary
5 points. Plaintiff states that with the grant of this preliminary injunction during the pendency of
6 this action, he will no longer have to live in a more restricted prison.

    Plaintiff argues that he is suffering irreparable injury because he is being forced to live in a more restrictive prison and he has lost credits and other privileges afforded for being write up free. Plaintiff further states that the Defendant will not be harmed by the removal of the RVR from his C-file, the public interest is best served when all persons, including prisoners, enjoy the constitutional rights afforded to them, and he is likely to succeed because the Defendant clearly denied Plaintiff of his rights. In his affidavit in support of the motion, Plaintiff states that he was found wrongfully guilty of the RVR, when the evidence produced should have freed Plaintiff of the charges.

    With his motion for preliminary injunction, Plaintiff also filed a motion to dispense with the requirement of security in this matter. Plaintiff argues that he has been granted leave to proceed in forma pauperis, Defendant will not be required to expend money to comply with the preliminary injunction requested, and the ends of justice will be served if Plaintiff is not required to post security.

**II.    Legal Standard**

    "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

---

[1] The Court notes, without deciding, that the relief sought in the instant motion may be barred by Heck v. Humphrey, 512 U.S. 477 (1994), also known as the favorable termination rule. But see Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) ("If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the scope of habeas and may be brought in § 1983.")

favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

**III.    Discussion**

"A court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007).  This action proceeds against Defendant James for an alleged violation of Plaintiff's due process rights.  In his motion, Plaintiff seeks an injunction directing "prison officials" to remove a Rules Violation Report from his C-File.  The pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.

3

Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

To the extent Plaintiff seeks transfer to a different facility, Plaintiff is cautioned that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, [and] he has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

### IV. Conclusion and Recommendation

Having considered Plaintiff's moving papers and supporting declaration and exhibits, IT IS HEREBY RECOMMENDED that Plaintiff's motion to dispense with the requirement of security and motion for a preliminary injunction, (ECF No. 22), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 5, 2017**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE