# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BIRDSALL, | Case No. 1:14-cv-01738-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| D. JAMES, et al., | **FOURTEEN (14) DAY DEADLINE** |
| Defendants. | |

Plaintiff William Birdsall ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 7.)

On July 5, 2017, the Court screened Plaintiff's second amended complaint and found that he stated a cognizable Due Process claim against Defendant James. The Court dismissed all other claims and defendants from this action. (ECF No. 18.) This case has proceeded on Plaintiff's Due Process claim against Defendant James.

**I.  Williams v. King**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Ninth Circuit held that a

1

Magistrate Judge does not have jurisdiction to dismiss a case during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the second amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because all Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to the District Judge that the non-cognizable claims be dismissed.[1]

## II.   Findings and Recommendations on Second Amended Complaint

### A.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

---

[1] On October 2, 2017, Defendant James filed a motion to dismiss on the grounds that Plaintiff failed to state a Fourteenth Amendment Due Process claim as the claim is Heck-barred. (ECF No. 23.) As discussed herein, these findings and recommendations are based upon a screening of the allegations in Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B), at the time that it was filed. The Court makes no findings on the merits of the pending motion to dismiss. Separate findings and recommendations will issue on that motion in due course.

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Correctional Lieutenant D. James; (2) Warden Stu Sherman; and (3) Correctional Counselor R. Hall.

On January 5, 2014, Correctional Officer J. Yost searched Plaintiff's cell and found a 7-inch long weapon in the personal property of Plaintiff's cellmate, G. Camacho. The weapon was located on a top shelf assigned to Plaintiff's cellmate.

Plaintiff was charged with possession of weapon, and placed in Administrative Segregation pending a hearing on the CDCR 115 Rules Violation Report. While the rules violation was pending, Plaintiff requested an investigation employee named B. Garza, a correctional officer. Plaintiff provided B. Garza with questions to ask Correctional Officer J. Yost, who was the officer that found the weapon. Plaintiff's questions were asked of Officer J. Yost on January 13, 2014. In response to the questions, Officer J. Yost reportedly indicated that the weapon was found in a bottle on the top shelf and that Inmate Camacho's property was on the shelf.

On January 17, 2014, Defendant James heard the rules violation report. Based on the report, Defendant James knew that Plaintiff was assigned to 101 low/bottom of the cell and Plaintiff's cellmate was assigned to 101 up. At the hearing, Plaintiff showed Defendant James a

3

written statement from Inmate Camacho admitting that the weapon was found in his property and that Plaintiff did not know that Inmate Camacho had possession of the weapon. However, Defendant James found Plaintiff guilty of the charge even though the weapon was not found in a common area. Plaintiff was given a Security Housing Unit ("SHU") term and sent to Corcoran State Prison. Once in the SHU, Plaintiff was required to send home or give away his personal property that was not allowed in the SHU because of the wrongful acts of Defendants James, Sherman and Hall failing to free him of possession of a weapon. Plaintiff further alleges that Defendants all failed to follow CDCR policies of what should be done in a situation like Plaintiff's dealing with possession of a weapon.

On February 5, 2014, Plaintiff filed a 602 CDCR Form regarding the disciplinary proceeding and the finding that Plaintiff was in constructive possession of the weapon. Plaintiff contends that Defendants Sherman and Hall failed to fix Plaintiff's charge of possession of a weapon in the CDCR 602 Form. Plaintiff contends that they approved the denial of his CDCR 602 at the second level response. Plaintiff asserts that defendants deprived him of his rights to Equal Protection against cruel and unusual punishment.

Plaintiff seeks compensatory and punitive damages, along with declaratory relief.

**C.     Discussion**

    **1.     Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the

4

issues presented are legally complex. Id. at 563–71. As long as the Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455–56 (emphasis added).

Here, Plaintiff's allegations plausibly suggest that the decision of the hearing officer was not supported by some evidence in the record. Therefore, at the pleading stage, Plaintiff has stated a cognizable due process claim against Defendant James.

### 2. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently, Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 601–02 (2008); Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff fails to sufficiently allege facts demonstrating that he is a member of a protected class or that he was intentionally treated differently from other similarly situated inmates.

### 3. Deprivation of Property

Plaintiff appears to allege that his due process rights were violated by the confiscation of his property as a result of his placement in the SHU. Plaintiff has a protected interest in his

5

personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S. Ct. 1823 (2012).

Although Plaintiff alleges that his personal property was confiscated, he fails to allege any facts supporting a claim that he was denied the procedural process he was due.   The fact that Plaintiff's personal property was confiscated when he was placed in the SHU is not sufficient to support a plausible due process claim.  Greene, 648 F.3d at 1019.

### 4. **Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The events at issue in this action do not give rise to an Eighth Amendment claim.  The facts do not support a claim that Plaintiff was denied the minimal civilized measures of life's necessities or that defendants acted with deliberate indifference.

### 5. **Grievance/Appeals Process**

Plaintiff cannot impose liability against Defendants Sherman and Hall based on their denial of his 602 CDC appeal.  "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its

procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing of his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

### 6. Supervisory Liability

To the extent Plaintiff seeks to impose liability against Warden Sherman based on his role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### 7. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches

trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### III. Conclusion and Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed on January 9, 2017, against Defendant James for violation of Due Process; and
2. All other claims and defendants be dismissed from this action, including Defendants Sherman and Hall.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 22, 2018**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE