UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BIRDSALL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. JAMES,<br><br>    Defendant. | No. 1:14-cv-01738-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO DISPENSE WITH REQUIREMENT OF SECURITY AND FOR A PRELIMINARY INJUNCTION<br><br>(Doc. Nos. 22, 34) |

Plaintiff William Birdsall is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on plaintiff's second amended complaint against defendant James for violation of plaintiff's due process rights. (Doc. No. 18.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 6, 2017, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion to dispense with the requirement of security and request for a preliminary injunction be denied. (Doc. No. 34.) Plaintiff was directed to file any objections to the findings and recommendations within fourteen days. Plaintiff filed objections on December 18, 2017. (Doc. No. 36.)

/////

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the court has conducted a *de novo* review of plaintiff's request. Plaintiff's objections state that he no longer seeks an injunction directing "prison officials" to remove a Rules Violation Report from his C-File and to transfer him to a different facility, but instead seeks a new hearing on the disciplinary violation with all of his due process rights restored. On this basis, he seeks reconsideration of his motion.

Because the function of a preliminary injunction is to preserve the status quo pending a determination on the merits, *Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988), there is heightened scrutiny where the movant seeks to alter rather than maintain the status quo, *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) (holding that mandatory, as opposed to prohibitory, injunctions are "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party"). Here, plaintiff seeks injunctive relief in the form of an order mandating prison officials to conduct a new disciplinary hearing on the basis of his allegations that his due process rights were violated at the original hearing on the disciplinary charge. Although plaintiff's allegations have been found to be sufficient to state a cognizable claim, they are not sufficient to make the required showing that he is entitled to immediate injunctive relief.

Accordingly:

1. The findings and recommendations filed on December 6, 2017 (Doc. No. 34) are adopted in full; and
2. Plaintiff's motion to dispense with the requirement of security and request for a preliminary injunction (Doc. No. 22) is denied.

IT IS SO ORDERED.

Dated: **January 31, 2018**

UNITED STATES DISTRICT JUDGE

2