UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BIRDSALL,<br><br>        Plaintiff,<br><br>    v.<br><br>D. JAMES,<br><br>        Defendant. | No. 1:14-cv-01738-DAD-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 38) |

Plaintiff William Birdsall is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Defendant James has appeared in this action, while defendants Sherman and Hall have not.

On July 5, 2017, the assigned magistrate judge screened plaintiff's second amended complaint and found that he had stated a cognizable Due Process claim against defendant James. (Doc. No. 18.) The assigned magistrate judge dismissed all other claims and defendants from this action. (*Id.*) This case now proceeds on plaintiff's Due Process claim against defendant James.

On January 22, 2018, the assigned magistrate judge re-screened plaintiff's second amended complaint, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate

1

judge jurisdiction, as plaintiff did here where not all named defendants, including those not yet appearing, had not consented to magistrate judge jurisdiction. (Doc. No. 38.) Concurrently, the assigned magistrate judge issued findings and recommendations, recommending that the undersigned dismiss the claims previously found to be non-cognizable by the magistrate judge. (*Id.*) The parties were given fourteen days to file objections to those findings and recommendations. Following an extension of time, plaintiff timely filed objections on March 7, 2018. (Doc. No. 42.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff merely reiterates the allegations in his complaint, contending that defendants Sherman and Hall violated his rights in failing to "fix" the prison disciplinary charge brought against plaintiff for possession of a weapon in response to plaintiff's filing of an inmate grievance. Plaintiff's allegations in this regard again fail to state a cognizable claim against these defendants, and none of plaintiff's objections provide a legal basis on which to question the magistrate judge's findings and recommendations. Further, in light of plaintiff's previous filing of two amended complaints in this action, the court finds that granting further leave to amend would be unwarranted, would unduly delay these proceedings and unnecessarily consume scarce judicial resources, and would be futile.

For these reasons:

1. The findings and recommendations issued on January 22, 2018 (Doc. No. 38) are adopted in full;
2. Defendants Sherman and Hall are dismissed from this action with prejudice due to plaintiff's failure to state any cognizable claims against them; and

/////
/////
/////

3. This action now proceeds solely on the Due Process claim against defendant James as alleged in the second amended complaint, that claim having been found to be cognizable in the magistrate judge's prior screening orders. (Doc Nos. 18, 38.)

IT IS SO ORDERED.

Dated: **May 2, 2018**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE