# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BIRDSALL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. JAMES, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-01738-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF DEFENDANT'S MOTION TO DISMISS<br><br>(ECF No. 23)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Introduction**

Plaintiff William Birdsall ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint for a due process claim against Defendant James.

Currently before the court is Defendant's motion to dismiss on the grounds that: (1) Plaintiff failed to state a Fourteenth Amendment Due Process claim as the claim is Heck-barred; (2) Plaintiff's alleged property loss is insufficient to state a due process claim; and (3) Defendant James is entitled to qualified immunity. (ECF No. 23.) Plaintiff opposed the motion, (ECF No. 32), and Defendant replied to Plaintiff's opposition, (ECF No. 37). The motion is deemed submitted. Local Rule 230(l).

///

///

1

**II.    Motion to Dismiss for Failure to State a Claim**

   **A.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996–97 (9th Cir. 2006); Morales v. City of L.A., 214 F.3d 1151, 1153 (9th Cir. 2000). Further, prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

   **B.    Relevant Allegations in Second Amended Complaint**

Plaintiff alleges that on January 5, 2014, Correctional Officer J. Yost searched Plaintiff's cell and found a 7-inch long weapon on a top shelf assigned to Plaintiff's cellmate, G. Camacho.

Plaintiff was charged with possession of a weapon, and placed in Administrative Segregation pending a hearing on the CDCR 115 Rules Violation Report. While the rules violation was pending, Plaintiff requested an investigation employee named B. Garza, a correctional officer. Plaintiff provided B. Garza with questions to ask Officer J. Yost, and Plaintiff's questions were asked of Officer J. Yost on January 13, 2014. In response to the questions, Officer J. Yost reportedly indicated that the weapon was found in a bottle on the top shelf and that Inmate Camacho's property was on the shelf.

///

On January 17, 2014, Defendant James heard the rules violation report. Based on the report, Defendant James knew that Plaintiff was assigned to 101 low/bottom of the cell and Plaintiff's cellmate was assigned to 101 up. At the hearing, Plaintiff showed Defendant James a written statement from Inmate Camacho admitting that the weapon was found in his property and that Plaintiff did not know that Inmate Camacho had possession of the weapon. However, Defendant James found Plaintiff guilty of the charge even though the weapon was not found in a common area. Plaintiff was given a Security Housing Unit ("SHU") term and sent to Corcoran State Prison. Once in the SHU, Plaintiff was required to send home or give away his personal property that was not allowed in the SHU because of the wrongful acts of Defendants James. Plaintiff further alleges that Defendant failed to follow CDCR policies of what should be done in a situation like Plaintiff's dealing with possession of a weapon.

### C. Defendant's Motion to Dismiss

Defendant first argues that Plaintiff's due process claim is barred because Plaintiff's claim challenges a prison disciplinary violation that resulted in a loss of good time credits.[1] Edwards v. Balisok, 520 U.S. 641, 643 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994). According to Defendant, success on Plaintiff's procedural due process claim would imply that Plaintiff's guilt, the resulting loss of credits, and ancillary property loss were invalid. Defendant further notes that overturning the rule violation report in this case would shorten the remaining time on Plaintiff's sentence, as he is eligible for parole. (ECF No. 23-1.)

Defendant next argues that Plaintiff's procedural due process claims stemming from the alleged deprivation of his personal effects also fail to state a claim, because Plaintiff has an adequate post-deprivation remedy under California law.[2]

Finally, Defendant argues that he is entitled to qualified immunity because Plaintiff has failed to establish a violation of a constitutional right and Plaintiff cannot show that the law was

---

[1] Defendant cites an attachment to the first amended complaint as factual support for the alleged loss of credits. (ECF No. 13, p. 20.)

[2] This claim was addressed and dismissed in the Court's prior screening of the second amended complaint. (ECF No. 38, pp. 5–6; ECF No. 39.) No further discussion is warranted.

so clear that a reasonable official would believe that their conduct was unreasonable under the circumstances.

### D.     **Plaintiff's Opposition**

Plaintiff's opposition largely addresses matters not relevant to Defendant's motion, which the Court will not discuss in depth. (ECF No. 35.) To the extent Plaintiff seeks to reinstate claims and defendants already dismissed, the Court relies on its prior screening order, to which Plaintiff filed no objections, finding that Plaintiff's allegations failed to state a cognizable claim against any other defendants named in this action. (See ECF Nos. 38, 39.) Similarly, the Court will not consider new causes of actions alleged for the first time in Plaintiff's opposition.

Plaintiff attached to his opposition a Rules Violation Report ("RVR") concerning a January 5, 2014 incident. (ECF No. 35, pp. 11–12.) The circumstances portion of the RVR was written by Correctional Officer J. Yost, a non-party, and states that on Sunday, January 5, 2014, at approximately 1900 hours, he was assisting with cell searches in Facility C Building 1. While searching cell 101 which was occupied by Plaintiff and Inmate Camacho, he discovered an Inmate Manufactured Weapon concealed within a bottle of Head & Shoulders shampoo on the upper shelf. The RVR further notes that Plaintiff requested Inmate Camacho's presence as a witness during the Disciplinary Hearing. (Id. at 12.)

Plaintiff also attached Part C of the same RVR, dated January 13, 2014. Part C was completed by Correctional Officer B. Garza, who was assigned as the Investigative Employee related to the RVR. Officer B. Garza notes that Plaintiff elected not to make a statement regarding the charges against him at that time. Officer B. Garza interviewed Officer J. Yost regarding the charges filed against Plaintiff, and Officer J. Yost elected to answer three questions submitted by Plaintiff and asked by Officer B. Garza. Specifically:

> Q01: Where did you find the weapon?
> A01: In head shoulder bottle.
> Q02: Who's shelf was it on?
> A02: Top shelf.
> Q03: Who property on the shelf?
> A03: I/M Camacho.

4

(ECF No. 35, p. 14) (unedited text).  An inmate witness statement was also taken from Inmate Camacho, where he stated, "I take full responsibility of the weapon. My cellie had no knowledge of it." (Id.)

Finally, Plaintiff attaches a copy of a handwritten declaration apparently signed by Inmate Camacho, dated January 2014.[3]  (ECF No. 35, pp. 16–18.)  The declaration generally states that Inmate Camacho admits that the weapon was solely his, and Plaintiff had no knowledge of the weapon.

### E. Defendant's Reply

In reply, Defendant argues that Plaintiff's opposition raises claims and defendants not at issue in this lawsuit, and attempts to present unauthenticated exhibits not properly the subject of a motion to dismiss.  Further, Defendant contends that Plaintiff has not demonstrated why he is entitled to an exception to the Heck bar, or otherwise shown that his conviction has been overturned.

## III. Discussion

### A. Due Process Claim

After careful consideration of the parties' arguments and the record before the Court, the undersigned deems the issue of whether Plaintiff's due process claim is barred by Heck and Edwards to be better addressed at summary judgment.  The Court notes that neither party has addressed the potential implications of Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016), where the Ninth Circuit held that where success on the merits of a prisoner's claim would not necessarily impact the fact or duration of his confinement, the claim would not fall within "the core of habeas corpus," and therefore is not appropriate in a habeas action.  830 F.3d at 934–35.

Many of the necessary considerations under Nettles, such as the length of Plaintiff's sentence or his eligibility for parole, are factual matters that go beyond the allegations pled in the second amended complaint or documents included in the record.  Even assuming the truth of Defendant's wholly unsupported allegation that Plaintiff is eligible for parole, the invalidation of

---

[3] Both the declaration from Inmate Camacho and Part C of the RVR were attached to the first amended complaint.  (ECF No. 13, pp. 23–25, 28.)

Plaintiff's RVR in this action would not necessarily affect the duration of Plaintiff's confinement because it would not guarantee his release. See id.; Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). Therefore, based on the pleadings before the Court, this case is appropriately brought under § 1983.

### B. Qualified Immunity

Finally, Defendant argues that he is entitled to qualified immunity, which shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An officer is entitled to qualified immunity unless (1) the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) the right was "clearly" established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 232 (2009). If the answer to the first prong is "no," then the inquiry ends there, and the plaintiff cannot prevail; if the answer is "yes," then the court must address the second prong. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

Under the second prong, the court considers "whether the right was clearly established" applying an "objective but fact-specific inquiry." Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007) see Saucier, 533 U.S. at 202. The question is whether "the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violates the right." Saucier, 533 U.S. at 202. "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. The court's "task is to determine whether the preexisting law provided the defendants with fair warning that their conduct was unlawful." Elliot-Park v. Manglona, 592 F.3d 1003, 1008 (9th Cir. 2010).

Defendant first argues that Plaintiff is barred from proceeding on his procedural due process claim, and thus fails to show that a constitutional violation occurred. (ECF No. 23-1, p. 5.) As noted above, the Court has rejected the argument that Plaintiff's claim is Heck-barred. Thus, this argument on the first prong of qualified immunity is rejected as well.

///

Defendant next argues that Plaintiff cannot show that the law was so clear that a reasonable official would believe that their conduct was unreasonable under the circumstances. Defendant contends that Plaintiff's pleadings indicate that Defendant James merely presided over Plaintiff's disciplinary hearing and reviewed the relevant evidence, and no official in Defendant's position would have thought their conduct in reviewing the relevant evidence and determining Plaintiff's guilt was unreasonable under the circumstances. Defendant further notes that Plaintiff submitted documents indicating that the guilty finding at the RVR hearing was supported by the necessary preponderance of the evidence, citing an attachment to the first amended complaint. (ECF No. 13, p. 20.) This argument is premature at this stage in the proceedings. The Court cannot determine on the face of the second amended complaint alone whether qualified immunity applies because Defendant acted reasonably under the circumstances here, and declines to do so on the basis of a document not attached or incorporated by reference to the operative complaint.

Although a defendant may raise a qualified immunity defense at early stages in the proceeding, courts have recognized that the defense is generally not amenable to dismissal under Rule 12(b)(6), because facts necessary to establish this affirmative defense generally must be shown by matters outside the complaint. See Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999). Whether Plaintiff's constitutional rights were violated in this matter, and whether a reasonable official would have known their conduct was violating a clearly established right, hinges on further factual development in this action. See Moss v. U.S. Secret Serv., 572 F.3d 962, 974–75 (9th Cir. 2009) (where extra-record evidence is proffered or required to determine the facts at hand, qualified immunity must be asserted in a summary judgment motion). Thus, the Court cannot recommend dismissal on the basis of qualified immunity at this stage.

**III.     Conclusion and Recommendation**

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, (ECF No. 23), be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 9, 2018** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE